**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willoughby E. LACY, III,
Defendant-Appellant.**

**No. 80-7792
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*

Unit B

Oct. 8, 1981.

Taylor W. O'Hearn, Shreveport, La. (court-appointed), for defendant-appellant.

James C. Thomason, III, Holly L. Wiseman, Asst. U. S. Attys., Birmingham, Ala., for plaintiff-appellee.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

Willoughby E. Lacy, III appeals the order of the trial court revoking his probation and remanding him to custody.

Lacy was convicted in 1975 of willfully and knowingly failing to file federal income tax returns for the years 1969 to 1971. In addition to imprisonment and a fine, he was sentenced to two years probation. That probation was subject to the special condition that Lacy file his returns for the years 1969 to 1971.

During the period of Lacy's probation, he continued in his failure to file returns for the years 1969 to 1971. In November of 1977, the Internal Revenue Service prepared "substitute returns" for Lacy under the authority of 26 U.S.C. § 6020(b)(1). Lacy refused to adopt these substitute returns as his own, or to file other returns. On August 25, 1980, the trial court commenced proceedings which resulted in the revocation now before us.[1]

During the proceedings before the trial court, both Lacy and his counsel advanced arguments which sought to excuse Lacy's failure to fulfill his special probation condition. Those arguments were correctly recognized by the trial judge to be frivolous.

In his appeal to this court, Lacy does not pursue the arguments advanced below. Rather, he now argues that by preparing substitute returns which covered the years 1969 to 1971 the Internal Revenue Service discharged Lacy's personal obligation to file those returns as a special condition of his probation. Lacy relies on the language of 26 U.S.C. § 6020(b)(2), which provides that a substitute tax return "shall be prima facie good and sufficient for all legal purposes."

Lacy's argument is not properly before us because of his failure to advance it in the trial court. *Red v. Blackburn*, 636 F.2d 1027, 1028 (5th Cir. 1981). Its clear lack of merit, however, is demonstrated by *United States v. Harrison*, 30 A.F.T.R.2d ¶ 72–5104 (E.D.N.Y.), aff'd, 486 F.2d 1397 (2d Cir. 1972), cert. denied, 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685 (1973). There the court found that the purpose of section 6020(b)(1) is to provide the Internal Revenue Service with a mechanism for assessing the civil liability of a taxpayer who has failed to file a return, not to excuse that taxpayer from criminal liability which results from that failure. *See also United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980); *United States v. Millican*, 600 F.2d 273, 278 (5th Cir. 1979), cert. denied, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); *Wagman v. Commissioner*, 10 T.C.M. (CCH) 836, 850 (1951). The action of the Service in filing a substitute return did not operate to relieve Lacy of responsibility for his failure to fulfill the special condition of his probation by filing his tax returns personally.

AFFIRMED.

---

1. The history of this case is also set forward in *United States v. Lacy*, 643 F.2d 284 (5th Cir. 1981).