Thomas A. MOORE, Sr.,
Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant-Appellee.

No. 83–4256
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1984.

Thomas A. Moore, Sr., pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Sect., Carleton D. Powell, Stanley S. Shaw, Jr., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Moore, a taxpayer, appeals from the decision of the United States Tax Court holding that the Commissioner of Internal Revenue properly assessed deficiencies in income tax and additions to tax against Moore. Since we find Moore's contentions to be non-meritorious and frivolous, we affirm the decision of the Tax Court and award double costs under Fed.R. App.P. 38 to the Commissioner.

I.

The taxpayer, a self-employed physician, failed to file acceptable tax returns for 1977, 1978 and 1979. Although Moore did file a return in 1976 reporting an income tax of $7,869, in 1977 and 1978 he submitted signed Forms 1040 relating only his name, address, social security number, filing status and exemptions. The remainder of the spaces for information on the tax forms were marked "None" or with the symbols " ** ". In connection with the 1978 return, Moore submitted a statement asserting a "Fifth Amendment objection to each and every question asked on the Form 1040." The taxpayer submitted no Form 1040 at all for 1979, filing instead a "Petition for Redress of Grievances" with the Commissioner.

In November of 1980, the Commissioner of Internal Revenue sent Moore a notice of deficiency for income taxes in 1977, 1978 and 1979. The Commissioner assessed the taxpayer's income for those years by adjusting Moore's reported income for 1976 upward according to increases reflected by the Consumer Price Index for the three years in question. Moore's 1976 deductible business expenses were similarly increased to achieve the same ratio to gross receipts that Moore had reported in 1976. The Commissioner made further adjustments to the deficiencies in tax "based upon third party information." The Commissioner also notified Moore that he was liable for additions to taxes for failure to file returns, his negligent or intentional disregard of the Commissioner's rules and regulations, and his failure to pay estimated taxes when due.

The taxpayer petitioned for Tax Court review of these deficiencies and additions to tax. At the proceedings before the Tax Court, the parties introduced a stipulation declaring that Moore was not married to his present wife during the tax years in question [1] and that, if the Tax Court found him

---

1. Believing at first that Moore was married during the tax years in question, the Commissioner assessed a tax deficiency against Moore based upon his share of the community income in accordance with the community property laws in Louisiana. Upon learning that Moore may have been single during those years, the Tax Court permitted the Commissioner to

liable for federal income taxes in 1977, 1978 and 1979, Moore would be liable for income tax deficiencies amounting to $20,411.50 in 1977, $22,659.70 in 1978, and $26,590.90 in 1979. The Tax Court found Moore liable for federal taxes for the years in question, found deficiencies in tax in the amounts set forth in the stipulation, and assessed additions to tax against Moore as follows: (1) pursuant to 26 U.S.C. § 6651(a) (failure to file tax return), $5,102.88 in 1977, $5,664.93 in 1978, and $6,647.73 in 1979; (2) pursuant to 26 U.S.C. § 6653(a) (negligent or intentional disregard of tax rules and regulations), $1,020.58 in 1977, $1,132.99 in 1978, and $1,359.55 in 1979; and (3) pursuant to 26 U.S.C. § 6654 (failure to pay estimated taxes), $726.44 in 1977, $723.37 in 1978, and $1,111.56 in 1979. The taxpayer appeals the decision of the Tax Court to this court.

## II.

Moore contends on appeal that the Commissioner's assessments of tax liability and additions to tax for the years in question are improper for a variety of reasons, although it is difficult to determine from Moore's pro se brief precisely what points he is raising.

A. Moore first argues that the Tax Court should not have assessed his tax deficiencies for the years in question based upon information in his 1976 tax return, since his 1976 return was obtained in violation of his fifth amendment rights. The taxpayer's contention in this regard amounts to an argument that the duty to file a tax return for the years in question violates his fifth amendment right not to incriminate himself, and that any tax deficiency or addition to tax based upon such information is improper in light of his assertion of that privilege.[2]

We have consistently held that the fifth amendment privilege in these circumstances "applies only when the possibility of self-incrimination is a real danger, not a remote and speculative possibility," *Steinbrecher v. Commissioner*, 712 F.2d 195, 197 (5th Cir.1983), and that "blanket assertions" of the privilege that give "absolutely no indication about the issues with respect to which [the taxpayer] feared prosecution" are frivolous assertions of the privilege, *Id.*, 712 F.2d at 198. *See also United States v. Wade*, 585 F.2d 573, 574 (5th Cir.1978), *cert. denied*, 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979). Moore claims in his brief on appeal that by filling out a tax return for any of the disputed years "he was placing himself in a position of possible future jeopardy from any source, foreign or domestic, which may in the future find him to have unwittingly erred." Such a statement recites precisely the type of speculative threat of harm that will not invoke fifth amendment protections.

Contrary to Moore's further contentions, the Commissioner may also validly assess an addition to tax for the failure to file a tax return where the "return" filed by the taxpayer reports only the blanket assertion of a privilege against self-incrimination. *See Beatty v. Commissioner*, 676 F.2d 150, 152 (5th Cir.1982).

B. Moore next claims that the Tax Court's assessment of deficiencies and additions to tax were improper since "Section 6020 [of the Internal Revenue Code] establishes that no citizen is required under any

amend his answer to Moore's Tax Court complaint to include an alleged tax deficiency based upon all of Moore's income, and not just a community share of that income. Moore later stipulated that he was not married from 1977–79 and that he would be liable for tax deficiencies in the amounts computed by the Commissioner should the Tax Court find him liable for federal income tax for the years in question.

2. It is not clear whether the taxpayer also contends that the returns he filed in 1977 and 1978,

bearing only the word "none" and " ** " in response to the questions on the Form 1040 and his assertion of a fifth amendment privilege with respect to the 1978 return, were sufficient to satisfy the statutory requirement to file a tax form. Even if Moore does raise such a claim, "[i]t is well established in this circuit . . . that the submission of a 'return' from which tax liability cannot be computed does not satisfy the statutory obligation to file." *Knighten v. Commissioner*, 702 F.2d 59, 61 (5th Cir.1983).

circumstances to file a return." The taxpayer premises his argument on the language of § 6020(b), which authorizes the Secretary to execute a return "from his own knowledge and from such information as he can obtain through testimony or otherwise" if a taxpayer fails to file a return. 26 U.S.C. § 6020(b). Moore claims that this provision charges the Secretary with an affirmative obligation to assess a taxpayer's tax liability and submit a bill to the taxpayer, and that the taxpayer's duty to file a return is thus made consensual, not mandatory. Moore's argument is directly contrary to the language and purpose of § 6020(b). That section provides the Secretary with some recourse should a taxpayer fail to fulfill his statutory obligation to file a return, and does not supplant the taxpayer's original obligation to file established by 26 U.S.C. § 6012. *See United States v. Lacy,* 658 F.2d 396, 397 (5th Cir.1981) (§ 6020(b) does not excuse taxpayer from the filing requirement or from criminal liability for failure to file).

■ C. Moore also claims that the use by the Tax Court of the Consumer Price Index to project his income for 1977, 1978 and 1979 was erroneous since it does not treat him as an individual. This contention is frivolous. When a taxpayer fails to file a return from which his income tax liability can be assessed, the Commissioner is entitled to use any reasonable means to reconstruct the taxpayer's income. *Mallette Bros. Construction Co., Inc. v. United States,* 695 F.2d 145, 148 (5th Cir.1983). We do not find the method used by the Commissioner in the present case, which involved projections of the taxpayer's income and deductions based on increases reflected in the Consumer Price Index, to be unreasonable in the absence of more accurate information provided by the taxpayer or obtained from other sources. *Accord, Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir.1982).

■ D. Moore also challenges the additions to tax assessed against him for failure to file returns, failure to pay estimated taxes, and negligent or intentional disregard of the tax rules and regulations on essentially the same grounds raised above. Given that his grounds for his failures in these regards are found to be frivolous, the taxpayer has not satisfied his burden of showing that such additions to taxes were erroneously entered against him. *Marcello v. Commissioner,* 380 F.2d 499, 506 (5th Cir.1967), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968); *Breland v. United States,* 323 F.2d 492, 497 (5th Cir. 1963).

■ E. Moore finally contends that the stipulation introduced before the Tax Court in which he agreed to the amounts of the tax deficiencies was coerced. We do not address this claim since it was not raised in the Tax Court and thus is not properly before us on appeal. *United States v. Lacy,* 658 F.2d 396, 397 (5th Cir.1981).

### III.

■ The government requests double costs under Fed.R.App.P. 38 on the ground that Moore's claims on appeal are frivolous.[3] In *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981), we warned that a taxpayer/appellant's pro se status would not shield him from the sanctions of Rule 38 if he advanced long-defunct arguments on appeal. *Id.* at 72. *See also Steinbrecher v. Commissioner,* 712 F.2d 195, 199 (5th Cir. 1983) and *Knighten v. Commissioner,* 702 F.2d 59, 61 (5th Cir.1983), where double costs were assessed. The issues raised by Moore on his appeal have been decided many times before. We therefore award double costs to the Commissioner.

*Conclusion*

In that we find the taxpayer's contentions to be without merit, we AFFIRM the

---

**3.** Fed.R.App.P. 38 provides:

    If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

decision of the Tax Court and assess double costs against the appellant Moore.

AFFIRMED.