DAVID A. BURNS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burns v. Commissioner
Docket No. 31285-85.
United States Tax Court
T.C. Memo 1987-90; 1987 Tax Ct. Memo LEXIS 86; 53 T.C.M. (CCH) 136; T.C.M. (RIA) 87090; February 17, 1987. David A. Burns, pro se. Doreen M. Susi, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by statutory notices of deficiency dated June 3, 1985, and May 24, 1985, determined deficiencies in petitioner's 1981, 1982 and 1983 taxable years, as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1) *
Sec. 6654
1981
$6,311.00
$193.00 $315.55 none
1982
7,862.00
397.25
393.10
none
1983
8,483.00
834.50
424.15
$146.68 Petitioner, for the taxable years 1981, 1982 and 1983, submitted tax return forms which expressed a Fifth Amendment privilege against self-incrimination in the essential blanks or boxes. Petitioner *88 did not provide sufficient information from which respondent could compute petitioner's taxable income. The issues remaining for our consideration are: (1) Whether petitioner is liable for the additions to tax in each of the taxable years 1981, 1982 and 1983; (2) whether petitioner received income from wages which he failed to report; and (3) whether the imposition of damages under section 6673 is proper. Petitioner resided in Glendale, Arizona, at the time he filed his petition herein. Petitioner received wages or compensation during the years in issue as follows: Year
Employer
Amount *
1981
Motorola, Inc.
$27,120.07
1982
Motorola, Inc.
25,615.16
1982
Sperry Flight Systems
7,113.60
1983
Sperry Flight Systems
36,087.30
Petitioner's failure to report his wages and/or to file a complete or properly filled-in return of income was based upon his belief that to do so would violate his Fifth Amendment privilege against self-incrimination. Respondent, for each taxable year that petitioner submitted a form with the word "object" in each box, sent petitioner *89 a form letter advising that petitioner's Form 1040 could not be accepted because "it does not contain information that the law requires you to give, and it does not comply with certain Internal Revenue Code requirements." Petitioner, in response to each form letter, sent respondent a pro forma response advising that he relied upon his privilege against self-incrimination. Petitioner failed to file proper returns for the taxable years 1981, 1982 and 1983. Sections 6012 and 6072 require the filing of a Federal income tax return on or before April 15 of the year following the calendar taxable year that a taxpayer has gross income. A document which merely raises Fifth Amendment-type assertions and does not supply information from which a tax could be computed, does not constitute a tax return within the meaning of the Internal Revenue Code. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Klee,494 F.2d 394 (9th Cir. 1974), cert. denied 419 U.S. 835 (1974); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). The filing of income tax returns in *90 accordance with the then current statutory and regulatory provisions does not, per se, violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner,72 T.C. 1126, 1130 (1979). Petitioner in this case was not and is not under criminal investigation for the taxable years in issue and, accordingly, his failure to file and/or to produce records at a trial based upon a Fifth Amendment privilege is without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). To invoke the Fifth Amendment privilege petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and he must have reasonable cause to apprehend such danger. The privilege may not be used as a method of evading or avoiding a payment of lawful taxes. Edwards v. Commissioner,680 F.2d at 1270; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the Courts of this republic to be income, subject to the income tax laws currently *91 applicable." United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Petitioner bears the burden of proving that respondent's determination is not correct. Welch v. Helvering,290 U.S. 111 (1930); Rule 142. Sections 6651(a)(1), 6653(a)(1) and 6654 provide for additions to tax for failure to file a timely return, negligence or intentional disregard of rules and regulations, and underpayment of estimated tax, respectively. Petitioner bears the burden of proving that he is not liable for these additions to the tax. Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972); Benn v. Commissioner,366 F.2d 778 (5th Cir. 1966), affg. a Memorandum Opinion of this Court. Section 6653(a)(2) provides for an additional 50 percent of the interest due on the underpayment due to negligence. "[R]efusal to file any return at all has never been protectable by a taxpayer's privilege against self-incrimination." United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. *92 denied 449 U.S. 1010 (1980). Petitioner did not file valid returns for 1981, 1982 and 1983. "Merely relying upon [his] own uninformed beliefs that [he was] excused from answering such questions is clearly insufficient to constitute reasonable cause for failure to file." Thompson v. Commissioner,78 T.C. 558, 563 (1982). We find that petitioner has failed to show cause or otherwise show respondent's determination to be in error and that, accordingly, petitioner is liable for all additions to tax determined by respondent for the taxable years 1981, 1982 and 1983. Respondent, by a motion filed December 8, 1986, seeks an order for damages from petitioner under section 6673. Petitioner has failed to file returns and report his income because of an alleged Fifth Amendment privilege which we have found to be without merit. Petitioner's Fifth Amendment position has been addressed by this and other courts on numerous occasions, some of the citations for which are contained in the body of this opinion. Moreover, petitioner was advised by this Court during 1981 that his "Fifth Amendment objection [was] totally without merit and must be rejected". *93 Burns v. Commissioner,76 T.C. 706, 707 (1981). Damages under section 6673 are appropriate where the taxpayer's position in the proceeding is frivolous or groundless. We have for a second time found petitioner's protestor-type argument to be without merit and accordingly frivolous. We conclude that damages in the amount of $5,000 shall be awarded to the United States under section 6673. Respondent's determinations, in all other respects, has not been shown to be in error. To reflect the foregoing, [2]
An appropriate order will be entered on respondent's motion for damages and a decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. Each of these amounts was reported to petitioner and respondent by means of Forms W-2.
*↩ Respondent determined that petitioner was liable for 50 percent additional interest under sec. 6653(a)(2) on any sec. 6653(a) underpayment which may be determined.
2. Petitioner has not stipulated or proven that he is entitled to any deductions, exemptions or credits other than those respondent has allowed in the statutory notices of deficiency. We note petitioner's failure to do so because he alleged in his petition that respondent failed to give him credit for substantial deductions.↩