GAIL P. CHRISTENSEN AND MARVEL S. CHRISTENSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christensen v. Commissioner
Docket No. 34648-84.
United States Tax Court
T.C. Memo 1987-96; 1987 Tax Ct. Memo LEXIS 92; 53 T.C.M. (CCH) 167; T.C.M. (RIA) 87096; February 17, 1987. Gail P. Christensen and Marvel S. Christensen, pro se. Doreen M. Susi, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by statutory notices of deficiency dated July 13, 1984, determined deficiencies in petitioners' 1979, 1980 and 1981 taxable years [1] as follows: Gail P. Christensen: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [2]
Sec. 6653(a)(1) *
Sec. 6654
1979
$7,889
$1,538 $394 $242
1980
9,990
2,440
500
618
1981
13,355
3,339
668
1,035
Marvel S. Christensen: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1) *
Sec. 6654
1979
$2,325 $581
$116 $97
1980
2,997
749
150
192
1981
4,168
1,042
208
325
*94 Petitioners, for the taxable years 1979 and 1980, submitted tax return forms which expressed a Fifth Amendment privilege against self-incrimination in the essential blanks or boxes. For 1981, petitioners failed to file any documents with respondent. The issues remaining [3] for our consideration are: (1) Whether petitioners are liable for the additions to *95 tax in each of the taxable years 1979, 1980 and 1981; and (2) whether "travel pay" was either excludable from petitioners' income or, if includable, deductible as a travel expense. Petitioners resided in Painesville, Ohio, at the time they filed their petition herein. During each of the years in issue Gail P. Christensen (hereinafter referred to as petitioner in the singular) worked as a tradesman on nuclear *96 power projects which were 23 to 40 miles from his residence. Petitioner received wages and "travel pay" as follows: 1979
1980
1981
Wages
$25,955
$29,662
$35,476
"Travel Pay"
1,065
1,618
2,371
Total
$27,020
$31,280
$37,847
The "travel pay" was paid pursuant to union contracts. An amount approximating 16 cents to 21 cents was added to petitioner's hourly rate of pay depending upon the distance from the union location to the particular work site. Petitioners permanently resided in Richland, Washington, from 1951 until early 1983. All union members of petitioner's union received the same amount of "travel pay" under the particular union contract. Petitioner's failure to report his wages and/or to file a return was based upon his belief that to do so would violate his Fifth Amendment privilege against self-incrimination and, further, that "wages are not income." [4]
*97 Petitioners have not carried their burden of showing that the "travel pay" should be excluded from income. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. Accordingly, we must consider whether petitioner would be entitled to deduct the amount received as "travel pay." To be deductible under section 162, travel expense must be ordinary and necessary; incurred while away from home and incurred in pursuit of petitioner's trade or business. Commissioner v. Flowers,326 U.S. 465 (1946). Petitioner continually resided at the same location during 1979, 1980 and 1981 and traveled daily to job sites which were 23 or more miles from his union hall location. After considering the facts in the record, we find that petitioner's travel constituted nondeductible commuting and was a personal expenditure. Fausner v. Commissioner,413 U.S. 838 (1973); sec. 262; sec. 1.2621(b)(5), Income Tax Regs.
Petitioners failed to file proper returns for the taxable years 1979, 1980 and 1981, but did file Fifth Amendment-type documents for their 1979 and 1980 taxable years. Sections 6012 and 6072 would require the filing of a Federal income tax return *98 on or before April 15 of the year following the calendar taxable year if a taxpayer has gross income. A document which merely raises Fifth Amendment-type assertions and does not supply information from which a tax could be computed, does not constitute a tax return within the meaning of the Internal Revenue Code. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Klee,494 F.2d 394 (9th Cir. 1974), cert. denied 419 U.S. 835 (1974); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). The filing of income tax returns in accordance with the then current statutory and regulatory provisions does not, per se, violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner,72 T.C. 1126, 1130 (1979). Petitioners in this case were not and are not under criminal investigation for the taxable years in issue and, accordingly, their failure to file and/or to produce records at a trial based upon a Fifth Amendment privilege are without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). *99 To invoke the Fifth Amendment privilege petitioners must be faced with substantial hazards of self-incrimination that are real and appreciable, and they must have reasonable cause to apprehend such danger. The privilege may not be used as a method of evading or avoiding a payment of lawful taxes. Edwards v. Commissioner,680 F.2d at 1270; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the Courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Petitioners bear the burden of proving that respondent's determination is not correct. Welch v. Helvering,290 U.S. 111 (1930); Rule 142. Sections 6651(a)(1), 6653(a)(1) and 6654 provide for additions to tax for failure to file a timely return, negligence or intentional disregard of rules and regulations, and underpayment of estimated tax, respectively. *100 Petitioners bear the burden of proving that they are not liable for these additions to the tax. Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972); Benn v. Commissioner,366 F.2d 778 (5th Cir. 1966), affg. a Memorandum Opinion of this Court. Section 6653(a)(2) provides for an additional 50 percent of the interest due on the underpayment due to negligence. "[R]efusal to file any return at all has never been protectable by a taxpayer's privilege against self-incrimination." United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980). Petitioners did not file valid returns for 1979 and 1980 and filed nothing whatsoever for 1981. "Merely relying upon their own uninformed beliefs that they were excused from answering such questions is clearly insufficient to constitute reasonable cause for failure to file." Thompson v. Commissioner,78 T.C. 558, 563 (1982). We find that petitioners have failed to show cause or otherwise show respondent's determination to be in error and that, accordingly, petitioners *101 are liable for all additions to tax determined by respondent for the taxable years 1979, 1980 and 1981. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Respondent issued separate statutory notices to each petitioner with alternative positions because of the possible effect of community property laws and because of respondent's position that petitioners had not filed and/or elected a joint return status for the years in issue. The parties have resolved these inconsistencies by agreeing that petitioners are entitled to joint return status, certain deductions (with one exception) and exemptions. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. Respondent determined that petitioners were liable for 1981 for 50 percent additional interest under sec. 6653(a)(2) on any sec. 6653(a)(1) underpayment which may be determined.↩
3. Petitioners argued, based upon correspondence received from respondent after petitioning this Court, that respondent had essentially conceded this case. Apparently, respondent had erroneously assessed the deficiencies here in issue being unaware that petitioners had timely sought a redetermination of the deficiencies. Respondent reversed those assessments and corresponded with petitioners by means of a format utilized for audits, advising petitioners that they were to be credited amounts resulting "from the audit of [petitioners'] tax return[s]." Although respondent is not to be commended for his lack of artful language, the correspondence does not negate respondent's statutory notice determinations from which petitioners have sought the jurisdiction of this Court.↩
4. Petitioners have apparently abandoned the "wages are not income" argument at this juncture because they have stipulated to the wages, deductions and credits, except for the additions to tax and one travel deduction item. Petitioners do apparently rely upon their "wages are not income" position as part of their argument to justify their failure to report or file income tax returns regarding respondent's determination of additions to tax under secs. 6651, 6653 and 6654.↩