THOMAS C. DIEHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diehl v. Commissioner
Docket No. 30041-85.
United States Tax Court
T.C. Memo 1987-152; 1987 Tax Ct. Memo LEXIS 155; 53 T.C.M. (CCH) 412; T.C.M. (RIA) 87152; March 23, 1987. Jeffrey L. Shrom, for the petitioner. W. Scott Green, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(1)(a)) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$14,742
$2,438.75
$737.10
50% of interest
due on $14,742
1982
7,698
1,037.50
384.90
50% of interest
due on $7,698
After *156 concessions, [2] the only issue for decision is whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1) and 6653(a)(2). Some of the facts have been stipulated and are so found. This reference incorporates the stipulation of facts and attached exhibits. FINDINGS OF FACT Petitioner resided in Rockford, Illinois, at the time he filed his petition herein. For the 1981 and 1982 taxable years petitioner filed documents (Forms 1040) purporting to be his Federal income tax returns, which failed to include any information from which petitioner's tax could be determined. On the Form 1040 filed in 1981, petitioner inserted only asterisks (*'s) in the spaces *157 requiring information, which made reference to blanket constitutional objections, including petitioner's assertion of his rights under the Fifth Amendment of the United States Constitution. On the Form 1040 filed in 1982, petitioner inserted asterisks or the word "NONE" in the blanks requiring information and he failed to sign the document. On both documents petitioner stated that "I offer to amend or re-file this return exactly as you wish it, if you will please show me how to do so without waiving my Constitutional rights." OPINION Petitioner has conceded respondent's determination as to the underlying deficiency (see note 2, supra), but contends that he is not liable for the additions to tax under sections 6651(a)(1) ("failure to file tax return or pay tax") and section 6653(a) ("negligent or intentional disregard of rules and regulations"). Petitioner, while not disputing that the Forms 1040 he filed as his returns did not contain enough information to calculate a tax, argues that his actions were motivated by "reasonable cause and not due to willful neglect," section 6651(a)(1), and were not "due to negligence or intentional disregard of rules or regulations," section *158 6653(a). His argument rests on the proposition that he believed that his Fifth Amendment right not to incriminate himself justified his failure to supply the information required on the returns. Petitioner has the burden of proving that he is not liable for the additions of tax. Moore v. Commissioner,722 F.2d 193, 196 (5th Cir. 1984), affg. a Memorandum Opinion of this Court; Rule 142(a). Clearly the documents filed by petitioner did not constitute valid Federal income tax returns, for "a return 'which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code.'" United States v. Moore,627 F.2d 830, 834 (7th Cir. 1980), quoting from United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970). See also United States v. Jordan,508 F.2d 750, 751-752 (7th Cir. 1975). Furthermore, it is also clear that "a taxpayer must make a colorable showing that he is involved in some activity for which he could be criminally prosecuted in order to validly claim the Fifth Amendment privilege on his income tax return," United States v. Verkuilen,690 F.2d 648, 654 (7th Cir. 1982) *159 (citations omitted), and that a mere "blanket assertion of the privilege on [the] income tax return [is] an ineffective invocation of the privilege." 690 F. 2d at 654. See also United States v. Jordan,supra at 752. [3]
At trial, petitioner merely reiterated his general Fifth Amendment claim that to have provided the information required to be disclosed on the Forms 1040 could, in some undisclosed way, subject him to, or impact upon, alleged criminal prosecution.[4] Clearly, petitioner has not met the standard established for a valid Fifth Amendment claim of privilege. Even if we assume, without deciding, that petitioner had a bona fide belief that he would incriminate himself and that this was sufficient to meet such standard, it is well *160 settled that a valid assertion of the privilege is not "a substitute for evidence that would assist in meeting a burden of production," for to adopt such a view "would convert the privilege from the shield against compulsary self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." United States v. Rylander,460 U.S. 752, 758 (1983). See also Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. Cf. United States v. Green,757 F.2d 116, 123 (7th Cir. 1985). This is true with respect to a taxpayer's meeting his burden of proof with respect to not only respondent's determinations as to underlying deficiences, Steinbrecher v. Commissioner,supra, but also to additions to tax under sections 6651(a)(1), 6653(a)(1) and 6653(a)(2). Moore v. Commissioner,722 F.2d 193, 196 (5th Cir. 1984), affg. a Memorandum Opinion of this Court; Christensen v. Commissioner,T.C. Memo. 1987-96; Burns v. Commissioner,T.C. Memo. 1987-90; *161 Germain v. Commissioner,T.C. Memo. 1983-220, affd. by an unpublished opinion 742 F.2d 1455 (6th Cir. 1984); Douglas v. Commissioner,T.C. Memo. 1980-66, affd. by an unpublished opinion 665 F.2d 1044 (6th Cir. 1981). Accordingly, since petitioner has not given any explanation for his failure to file valid returns beyond his assertion of a Fifth Amendment privilege against self-incrimination, we hold he has not met his burden of proof. To reflect a concession by respondent at trial with respect of the underlying deficiencies (see note 2, supra) and the calculation of the additions to tax under section 6653(a)(2), Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent agrees that petitioner is entitled to itemized deductions for union dues equalling 2 percent of $39,113 for 1981 and 2 percent of $24,196 for 1982. Subject to these reductions, petitioner concedes the full amount of respondent's determined deficiencies for each of the years in issue.↩
3. We also note that the Form 1040 petitioner submitted as his 1982 return did not constitute a valid return for another reason; it was not signed and thus not verified as required under section 6065. See United States v. Moore,627 F. 2d 830, 834 (7th Cir. 1980). See also Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. 793 F.2d 139↩ (6th Cir. 1986).
4. Respondent's counsel informed the Court that, as far as he could determine, petitioner was under no criminal investigation in respect of his Federal income tax liabilities.↩