T.C. Memo. 1998-29

UNITED STATES TAX COURT

JEFFREY M. BUSKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5410-97.                    Filed January 26, 1998.

Jeffrey M. Buske, pro se.

<u>James E. Gehres</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, additions to, and accuracy-related penalty on
petitioner's Federal income tax for the years 1992 through 1995:

|       |            | Additions to Tax | | Accuracy-related Penalty |
| Year  | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654 | Sec. 6662(a) |
|-------|------------|------------------|-----------|--------------|
| 1992  | $16,442    | $2,822           | --        | $3,264       |
| 1993  | 17,378     | 4,170            | $728      | --           |
| 1994  | 16,174     | 4,044            | 839       | --           |
| 1995  | 46,117     | 11,529           | 2,501     | --           |

We must decide whether respondent's determinations for each of the years at issue should be sustained. We hold that they should except to the extent stated herein.

Background

Some of the facts have been stipulated and are so found.

Petitioner lived in or near Boulder, Colorado, at the time the petition was filed.

In April 1994, petitioner filed an individual income tax return (return) for 1992. Petitioner failed to file returns for 1993, 1994, and 1995.

On December 31, 1996, respondent issued a notice of deficiency (notice) to petitioner for his taxable years 1992, 1993, and 1994, and on December 16, 1996, respondent issued a notice to petitioner for his taxable year 1995.

Respondent determined in the notices, inter alia, that during the years at issue petitioner received income consisting of nonemployee compensation, rent, dividends, unemployment compensation, a premature distribution from an individual retire-

---

[1] All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

ment account, and/or capital gain. According to the notices, respondent relied on, inter alia, certain information returns, petitioner's 1992 return, and/or the Consumer Price Index roll-over method (CPI rollover method) to reconstruct petitioner's income for each of the years at issue. Respondent also determined in the notice, inter alia, that petitioner is not entitled to certain deductions that petitioner claimed in Schedule C, Profit or Loss From Business, and Schedule E, Supplemental Income and Loss (Schedule E), of his 1992 return.

After petitioner filed the petition in this case, he did not cooperate with respondent in preparing this case for trial or in settling it, although he did submit a trial memorandum which the Court had filed on October 27, 1997. In his trial memorandum, petitioner advanced protester type contentions that have been rejected by the courts as frivolous and/or groundless.[2]

---

[2] By way of illustration, petitioner states, inter alia, in his trial memorandum the following:

> I have relied on the professional opinion of attorneys, who have not been rebutted by the IRS, that (a) there is no statute that compels anyone and everyone to filing and assessing themselves a 1040 Tax [sic] and (b) Title 26, the Income Tax Code cannot be enforced outside of the federal government's jurisdiction, absent voluntary self assessment by those outside such jurisdiction. Enacted Federal law is limited by the Constitution to "10 Square Miles", Article I Section 8. The fact that federal law cannot automatically and presumptively extend into the States has been recon-firmed by the Supreme Court * * *. The only way that federal legislation becomes effective outside the territo-ries and possessions of the U.S. is by voluntary participa-
>
> (continued...)

At the call of this case from the calendar, both parties appeared, and respondent filed a motion to dismiss for lack of prosecution (respondent's motion) because of petitioner's failure to cooperate with respondent in preparing this case for trial or in settling it. Based on petitioner's representations to the Court that he wanted to have a trial and that he intended to present evidence at trial in support of his position that the notices are in error, the Court denied respondent's motion.

Discussion

Petitioner bears the burden of proving that respondent's determinations in the notices are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner contends that respondent's use of the CPI rollover method to reconstruct his income for the years at issue is unfair and arbitrary. We disagree. The CPI rollover method is a reasonable method of reconstructing income. See Moore v. Commissioner, 722 F.2d 193, 196 (5th Cir. 1984), affg. T.C. Memo. 1983-20. Moreover, petitioner admitted at trial (1) that he worked

---

[2](...continued)
tion. For that reason, the Code is very explicit in omitting the term "the 50 states" from the definition of "United States" when applicable to Subtitle A "1040 Taxes" * * *.

Therefore, since my activities were not licenced, they were not taxable and since I did not voluntarily enter into the federal jurisdiction through filing a return, which filing is not mandated by statute, then the assessment against me is erroneous. * * * [Fn. ref. omitted.]

during 1992, 1993, 1994, and a portion of 1995 as a contract electrical technician and that he was paid for that work during those years; (2) that he owned certain rental property during 1992, 1993, 1994, and 1995 and that he received rent thereon during those years; (3) that during 1993 he received $6,500 of unemployment compensation; (4) that during 1993 he received a dividend of approximately $40; and (5) that during 1995 he sold a rental property that he and his father had purchased in 1983. The record establishes that petitioner received income during the years at issue, and we reject petitioner's position that respondent's income determinations are arbitrary. Nonetheless, we are persuaded by the record before us that petitioner does not have long-term capital gain and rental income for 1995 in the amounts determined by respondent.

With respect to respondent's determination that petitioner has long-term capital gain for 1995 in the amount of $103,500, respondent acknowledges that a Form 1099-S (Proceeds From Real Estate Transactions) that was issued to petitioner's father, Owen Buske, reflected the proceeds received during 1995 from the sale of certain rental property and that, based on third-party information, petitioner was co-owner of that rental property (co-owned rental property). However, because petitioner did not provide respondent with information establishing the extent of his co-ownership of, and his basis in, the co-owned rental property,

respondent determined that petitioner realized long-term capital gain for 1995 equal to the proceeds received from the sale of that property (i.e., $103,500). At trial, petitioner testified, and we find, that he was a one-half owner of the co-owned rental property. However, petitioner failed to present any evidence establishing what, if any, basis he had in his one-half interest in that property. Based on the record before us, we find that petitioner realized long-term capital gain for 1995 from the sale of the co-owned rental property in the amount of $51,750.

With respect to respondent's determination that petitioner has rental income for 1995 in the amount of $18,171, petitioner testified, and we find, that he did not receive rent on the co-owned rental property after its sale at the end of February 1995. Immediately prior to trial, petitioner completed a Form 1040 for 1995. In the Schedule E attached to that form, petitioner admits that during 1995 he received total rental income of $12,767 consisting of (1) $11,460 from a duplex and (2) $1,307 from the co-owned rental property. We further find on the record before us that petitioner received total rental income for 1995 in the amount of $12,767. Cf. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

Petitioner testified in a general and vague manner, and he claims, that he is entitled to deduct certain expenses for the

years at issue.[3]  In an attempt to support that claim, petitioner introduced into evidence at trial lists that he had prepared of such alleged expenses.  However, petitioner failed to proffer into evidence any documentation or other evidence establishing that he incurred the claimed expenses and that any expenses that he did incur are deductible.  On the record before us, we find that petitioner has failed to establish that he is entitled to deduct any expenses for the years at issue.

Based on the entire record before us, we find that, except to the extent stated herein, petitioner has not satisfied his burden of showing error in any of respondent's determinations in the notices.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[3]  Although not altogether clear, it appears that petitioner may be arguing that respondent's determination that petitioner is not entitled to the deductions that he claimed in his 1992 return is arbitrary.  To the extent petitioner is making that argument, he is wrong.  Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that such taxpayer is entitled to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).