T.C. Memo. 2004-246

UNITED STATES TAX COURT

JOHN R. RINN AND DONNIE J. RINN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 120-03.                    Filed October 27, 2004.

John R. Rinn and Donnie J. Rinn, pro sese.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined the following
deficiencies and additions to tax with respect to petitioner
John R. Rinn's Federal income taxes:

|        |            | Additions to tax |            |
|--------|------------|------------------|------------|
| Year   | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
| 1995   | $53,053    | $11,888.25       | $1,176.73  |
| 1996   | 46,471     | 11,617.75        | 2,473.43   |
| 1997   | 47,946     | 11,986.50        | 2,565.14   |
| 1998   | 65,711     | 16,427.75        | 3,006.82   |
| 1999   | 45,918     | 11,479.50        | 2,222.26   |
| 2000   | 30,873     | 7,718.25         | 1,649.08   |

Respondent determined the following deficiencies and additions to tax with respect to petitioner Donnie J. Rinn's Federal income taxes:

|        |            | Additions to tax |            |
|--------|------------|------------------|------------|
| Year   | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
| 1995   | $16,752    | $2,813.00        | $538.13    |
| 1996   | 14,176     | 3,544.00         | 754.53     |
| 1997   | 14,622     | 3,655.50         | 782.30     |
| 1998   | 21,235     | 5,308.75         | 971.68     |
| 1999   | 13,443     | 3,360.75         | 650.60     |
| 2000   | 7,671      | 1,917.75         | 409.72     |

The issue for decision is whether petitioners are liable for the deficiencies and additions to tax that respondent determined.[1]

Unless otherwise indicated, section references are to the Internal Revenue Code (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1] Respondent also determined additions to tax pursuant to sec. 6651(a)(2) for petitioners' 1996 through 2000 tax years for failure to timely pay tax shown on a return. Respondent has conceded these additions to tax. Cf. Spurlock v. Commissioner, T.C. Memo. 2003-124.

FINDINGS OF FACT[2]

The parties have stipulated some facts, which we incorporate herein. When they filed their petition, petitioners resided in Rockdale, Texas.

Petitioner John R. Rinn (Mr. Rinn) is a dentist. During 1995 through 2000, he owned a dental practice. Petitioner Donnie J. Rinn (Mrs. Rinn) was office manager and primary bookkeeper for Mr. Rinn's dental practice.

During 1995 through 2000, Mr. Rinn earned substantial income from his dental practice, as shown below:

| Year | Gross Receipts | Allowable Business Expenses | Allowable Depreciation | Net Profit |
|------|------|------|------|------|
| 1995 | $303,125 | $157,438 | $630 | $145,057 |
| 1996 | 344,113 | 214,045 | 630 | 129,438 |
| 1997 | 335,592 | 206,944 | 630 | 128,018 |
| 1998 | 343,081 | 155,382 | 630 | 187,069 |
| 1999 | 397,578 | 267,672 | 630 | 129,276 |
| 2000 | 261,346 | 170,149 | 630 | 90,567 |

For tax years 1995 through 2000, petitioners filed no Federal income tax returns and paid no taxes on any income from

---

[2] Petitioners failed to file any posttrial brief and consequently failed to set forth any objections to respondent's proposed findings of fact. We consider petitioners to have waived any objections to respondent's proposed findings of fact. See Rule 151(e)(3) ("In an answering or reply brief, the party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party"). We have adopted respondent's proposed findings of fact, insofar as they are supported by the record.

Mr. Rinn's dental practice.[3]  At some point, respondent commenced an examination of these tax years.  Revenue Agent Greg Hutchinson (RA Hutchinson) was assigned to this examination.

RA Hutchinson made numerous requests to petitioners for information and records relating to Mr. Rinn's dental practice, including any journals, ledgers, expense receipts, credit card receipts, bank statements, canceled checks, deposit slips, and other items.  On several occasions RA Hutchinson also requested that petitioners schedule an appointment to discuss these matters.  Petitioners provided no records and failed to schedule an appointment; they responded to RA Hutchinson's requests with frivolous arguments.

Eventually, RA Hutchinson issued a summons directing petitioners to appear and produce certain requested records.  Petitioners failed to comply with this summons, and enforcement of the summons was sought in a Federal District Court.  In the enforcement proceedings, Mr. Rinn still failed to produce the requested records.  The District Court held Mr. Rinn in contempt of court and put him in jail.

After Mr. Rinn spent several days in jail, Mrs. Rinn provided records relating to Mr. Rinn's dental practice which she

---

[3] Petitioners filed Federal income tax returns for tax years preceding 1995.  For example, petitioners filed Forms 1040, U.S. Individual Income Tax Return, for tax years 1993 and 1994, reporting net profits of $157,510 and $163,876, respectively, from Mr. Rinn's dental practice.

had kept as the practice's primary bookkeeper. Using these records, Mrs. Rinn identified for RA Hutchinson items of income and expense from the dental practice. RA Hutchinson then prepared written summaries of the income, expenses, and net profits from the dental practice, allowing all the expenses that Mrs. Rinn had identified.[4]

On the basis of the records that Mrs. Rinn had provided and the written summaries that RA Hutchinson had prepared, respondent determined deficiencies in Mr. Rinn's 1995 through 2000 Federal income taxes.[5] On the basis of this information, respondent separately determined deficiencies in Mrs. Rinn's 1995 through 2000 Federal income taxes, treating the dental practice income as community property income, half of which was allocable to her.[6]

---

[4] RA Hutchinson entered into a computer database petitioners' canceled checks for 2000. To test the accuracy of the records that Mrs. Rinn provided, RA Hutchinson compared them to this database, matching the payees, dates, and amounts on the checks to the entries in Mrs. Rinn's records. In addition, RA Hutchinson matched the records to bank statements, canceled checks, and receipts and also matched the records to a deposit analysis of petitioners' accounts.

[5] RA Hutchinson failed to include an allowable expense of $14,895.79 and made a $36 computational error in adding the allowable expenses. The notices of deficiency corrected these errors.

[6] Ostensibly in an effort to avoid any whipsaw effect, respondent made superficially inconsistent determinations with respect to Mr. and Mrs. Rinn: he determined Mr. Rinn's deficiencies on the basis that he was taxable on all his 1995 through 2000 dental practice income, while also counting 50 percent of the 1995 through 2000 dental practice income as

(continued...)

OPINION

I.  Burden of Proof

Generally, the Commissioner's determinations of unreported income in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner as to any factual issue relating to the taxpayer's liability for tax if in the court proceeding the taxpayer introduces credible evidence with respect to that issue.[7]  This rule applies only if the taxpayer has complied with applicable substantiation requirements, has maintained all records required under the Code, and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2).

---

[6](...continued)
Mrs. Rinn's separate community property income.  Respondent concedes that Mr. and Mrs. Rinn's respective deficiencies should be computed to eliminate any double counting of the dental practice income and that petitioners should be treated as if they filed separate returns as married persons.

[7] Sec. 7491 was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 726.  Sec. 7491(a) applies with respect to examinations that are commenced after July 22, 1998. RRA 1998 sec. 3001(c), 112 Stat. 727.  The record does not disclose when the examinations commenced in this case; however, with respect to at least some of the tax years in issue, we assume that examinations commenced after July 22, 1998.

Section 7491 does not place the burden of proof on respondent in this proceeding for at least two reasons. First, petitioners did not testify, call any witnesses, or otherwise introduce any evidence--much less credible evidence--to show error in respondent's determinations of their proper income tax liability.[8] Second, petitioners obdurately refused to cooperate with respondent's numerous requests for records, information, documents, and interviews. Ultimately, in a summons enforcement proceeding, a Federal District Court put Mr. Rinn in jail for his noncompliance. Only then did Mrs. Rinn finally produce the records that respondent had requested.

At trial, petitioners submitted a document wherein they contend that the Fifth Amendment privilege against self-incrimination relieves them of any duty to cooperate with respondent's requests for information. Apart from submitting this document, however, petitioners have not expressly invoked any Fifth Amendment privilege against testifying in this proceeding, nor have they alleged any reasonable expectation that testifying in this proceeding or cooperating with respondent's

---

[8] The parties stipulated some facts, including certain joint exhibits, consisting primarily of the notices of deficiency (to which are appended extensive workpapers upon which the deficiency determinations were based) and petitioners' 1993 and 1994 joint Federal income tax returns. None of the stipulations or associated exhibits tend to show any error in respondent's determinations, apart from those respondent has conceded in this proceeding.

requests for information would tend to subject them to criminal

prosecution.[9]  Cf. <u>Kastigar v. United States</u>, 406 U.S. 441, 444

(1972); <u>Moore v. Commissioner</u>, 722 F.2d 193, 195 (5th Cir. 1984),

affg. T.C. Memo. 1983-20.  More fundamentally, however, even if

petitioners had validly asserted a privilege against self-

incrimination in this proceeding, such an assertion would not

substitute for relevant evidence, see <u>United States v. Rylander</u>,

460 U.S. 752, 758 (1983); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661,

684-685 (1989); <u>Traficant v. Commissioner</u>, 89 T.C. 501, 504

(1987), affd. 884 F.2d 258 (6th Cir. 1989), and consequently

would not relieve petitioners of the section 7491(a)(1)

requirement that they introduce relevant credible evidence as a

precondition of our placing the burden of proof on respondent.

---

[9] Respondent obtained critical evidence against petitioners
pursuant to a summons issued under sec. 7602, which was enforced
in a Federal District Court under sec. 7604.  Petitioners do not
question, in this proceeding, whether the District Court properly
ordered them to produce records in the prior summons enforcement
proceeding, and they do not request that we exclude on Fifth
Amendment grounds evidence obtained in that proceeding.  See,
e.g., <u>United States v. Powell</u>, 379 U.S. 48 (1964) (specifying the
requirements for enforcing an Internal Revenue Service summons).
Petitioners make no allegation that respondent violated sec.
7602(d), which provides rules regarding the issuance of a summons
in the case of a Department of Justice referral for grand jury
investigation or criminal prosecution.

Accordingly, the burden of proof remains on petitioners to show error in respondent's determinations.[10]  As explained below, petitioners have failed to carry their burden.

II.  Respondent's Determinations of Petitioners' Income

The evidence in the record shows that petitioners failed to report substantial amounts of income from Mr. Rinn's dental practice for their 1995 through 2000 tax years.  RA Hutchinson properly reconstructed the income, expenses, and net profits from Mr. Rinn's dental practice using records that Mrs. Rinn had prepared in her capacity as primary bookkeeper of that business. RA Hutchinson reviewed the records with Mrs. Rinn; she explained the various transactions that were listed; and RA Hutchinson prepared written summaries on the basis of Mrs. Rinn's explanations allowing all the expenses that she had identified. The notices of deficiency issued to petitioners were prepared on the basis of the records that Mrs. Rinn provided and RA Hutchinson's written summaries.

---

[10] In certain circumstances, courts have required a minimal factual foundation for the Commissioner's determinations of unreported income before the presumption of correctness attaches to the Commissioner's determinations in a notice of deficiency. See, e.g., Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part, revg. in part, and remanding T.C. Memo. 1990-68; Spurlock v. Commissioner, T.C. Memo. 2003-124. Respondent's determinations in this case were based on business records that Mrs. Rinn maintained and provided.  These records provide at least a minimal evidentiary foundation for respondent's determinations of unreported income in the notices of deficiency.

At trial, petitioners called no witnesses and introduced no evidence germane to Mr. Rinn's receipt of income from his dental practice during the years 1995 through 2000.  Petitioners did not testify, but merely raised unmeritorious objections to respondent's introduction into evidence of the records that Mrs. Rinn had previously provided respondent and the written summaries that RA Hutchinson had prepared.[11]

Petitioners filed no brief in this case; however, in a number of documents submitted to respondent and this Court, including their petition, petitioners have raised frivolous arguments relating to the definition of income, the voluntary nature of the income tax, and their liability for payment of

---

[11] Petitioners objected to these documents on the basis of authenticity and hearsay.  We overruled petitioners' objections. First, with regard to petitioners' authentication objection, the records and the written summaries were properly authenticated by RA Hutchinson's testimony pursuant to Fed. R. Evid. 901(a). Second, with regard to petitioners' hearsay objection, the records that Mrs. Rinn provided are admissible nonhearsay under Fed. R. Evid. 801(d)(2) as an admission by a party-opponent, and the written summaries that RA Hutchinson prepared are admissible under the business records exception to the hearsay rule under Fed. R. Evid. 803(6).

At trial, petitioners suggested that they were prejudiced by respondent's indication in his pretrial memorandum that he might submit the aforementioned records and written summaries through self-authenticating sworn affidavits under Fed. R. Evid. 902(11). This rule provides one option for authenticating evidence; however, respondent chose the more salient option of authenticating the records and summaries through the testimony of RA Hutchinson.  Petitioners were given the opportunity to cross-examine RA Hutchinson regarding his testimony.  Consequently, we find no prejudice to petitioners in this regard.

income tax.  We see no need to address these frivolous arguments, the likes of which have been addressed and uniformly rejected in many precedents.  See, e.g., Takaba v. Commissioner, 119 T.C. 285 (2002); Nestor v. Commissioner, 118 T.C. 162, 167 (2002).

On the basis of the evidence in the record and petitioners' failure to present any relevant evidence, we hold that petitioners received taxable income from Mr. Rinn's dental practice in the amounts that respondent determined in the notices of deficiency, with proper adjustments to eliminate any double counting of the dental practice income in the computations of petitioners' separate deficiencies.[12]

III.  Additions to Tax and Penalty

Under section 7491(c), the Secretary has the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by the Code.  Section 7491(c) applies with respect

---

[12] Petitioners have not alleged that respondent erred in treating Mr. Rinn's dental practice income as community property income or in allocating half of it to Mrs. Rinn.  We therefore consider petitioners to have conceded these issues.  See Vincent v. Commissioner, T.C. Memo. 1994-345.  Nor has Mrs. Rinn sought relief from liability pursuant to sec. 66; accordingly, we deem her to have waived any such claim.  As previously noted, respondent concedes that the dental practice income should not be double counted in Mr. and Mrs. Rinn's taxable incomes and that deficiencies in petitioners' taxes should be computed as if petitioners had filed separate returns as married persons.  We expect the resulting downward adjustments to Mr. Rinn's deficiencies to be reflected in the Rule 155 computations.

to examinations that are commenced after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727. Section 7491(c) applies to petitioners' 1998 through 2000 tax years, since these tax years ended after July 22, 1998. In the absence of any evidence indicating when the examinations of the other tax years commenced, we shall assume that section 7491(c) applies to all tax years at issue.

A.    Section 6651(a)(1) Additions to Tax

Section 6651(a)(1) provides an addition to tax for failure to file a return on or before the specified filing date unless it is shown that this failure is due to reasonable cause and not due to willful neglect. Pursuant to section 7491(c), respondent must show that the addition to tax is appropriate; however, petitioners bear the burden of proving that their failure to file was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Petitioners failed to file Federal income tax returns for their 1995 through 2000 tax years, even though Mr. Rinn's dental practice produced substantial income.[13] In prior years, petitioners filed Federal income tax returns and included

---

[13] As previously noted, we consider petitioners to have conceded or waived any issue as to whether respondent properly allocated to Mrs. Rinn a share of Mr. Rinn's dental practice income, as community property income.

Mr. Rinn's income from his dental practice.  Petitioners

introduced no evidence establishing reasonable cause for their

failures to file; indeed, the record demonstrates that their

failures to file were attributable to their taking frivolous

positions regarding their obligation to report and pay Federal

income taxes.  We hold that respondent has met his burden of

production, and we sustain the imposition of section 6651(a)(1)

additions to tax for petitioners' 1995 through 2000 tax years.[14]

> B.    Section 6654 Additions to Tax

Section 6654 provides for an addition to tax in the case of

any underpayment of estimated tax by an individual.  Except in

very limited circumstances not applicable in this case, see sec.

6654(e)(3)(B), section 6654 provides no exception for reasonable

cause, Mendes v. Commissioner, 121 T.C. 308, 323 (2003).

Instead, the section 6654 addition to tax is mandatory unless one

of the limited statutory exceptions applies.  Sec. 6654(e);

Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

We conclude that respondent has met his burden of production

under section 6654.  It is clear from the record that petitioners

---

[14] In the Rule 155 computation, we anticipate that the
parties will make appropriate adjustments to the sec. 6651(a)(1)
additions to tax to account for respondent's concessions,
including respondent's concession that Mr. and Mrs. Rinn should
be treated as married persons filing separate returns, with no
double counting in Mr. Rinn's taxable income of community-
property items included in the computation of Mrs. Rinn's taxable
income, and respondent's concessions of the sec. 6651(a)(2)
additions to tax.  See sec. 6651(c)(1).

were required to make estimated tax payments for their 1995 through 2000 tax years.[15] Petitioners do not dispute that they made no estimated tax payments for these years. Further, petitioners do not fall within any of the statutory exceptions to the section 6654 addition to tax. Consequently, we sustain the imposition of section 6654 additions to tax for petitioners' 1995 through 2000 tax years.[16]

### C. Section 6673(a)(1) Penalty

Respondent has not asked that we impose a section 6673(a)(1) penalty, even though petitioners' filings in this case and their submissions to respondent have included numerous frivolous arguments. At trial, we warned petitioners that we might impose a section 6673(a)(1) penalty if they continued to raise these arguments. After trial, petitioners filed no brief and have not otherwise continued to pursue frivolous arguments in this proceeding. On the assumption that petitioners have heeded our warning, we shall not impose a section 6673(a)(1) penalty. We

---

[15] As previously noted, we consider petitioners to have conceded or waived any issue as to whether respondent properly allocated to Mrs. Rinn a share of Mr. Rinn's dental practice income, as community property income.

[16] In the Rule 155 computation, we anticipate that the parties will make appropriate adjustments to the sec. 6654 additions to tax to account for respondent's concession that Mr. and Mrs. Rinn should be treated as married persons filing separate returns, with no double counting in Mr. Rinn's taxable income of community-property items included in the computation of Mrs. Rinn's taxable income.

strongly caution petitioners, however, that section 6673(a)(1) penalties may be imposed if they relapse into making frivolous arguments before this Court.

<u>Decision will be</u>

<u>entered under Rule 155</u>.